IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                               Criminal No. 24-061-01
                                              ELECTRONICALLY FILED

        v.

DANIEL FELICIANO .,

        Defendant.

**OPINION SUPPORTING THE COURT'S TEXT ORDER DENYING DEFENANT'S MOTION FOR EARLY DISCLOSURE OF ALL JENCKS ACT MATERIALS (ECF 737)**

        Before the Court is Defendant's Motion for early disclosure of all Jencks Act material (ECF 729) and the Government's Response to same.  ECF 735.  The Court issued a text Order on June 11, 2025, denying Defendant's Motion with an Opinion to follow. ECF 737. This Opinion addresses why the Court's Order denied Defendant's request for early disclosure of all Jencks Act materials.[1]

**I. Background**

        Defendant has been charged in a superseding indictment as follows: Count One – conspiracy to distribute and possess with intent to distribute a controlled substance; Counts Two and Three – possession with intent to distribute and distribution of a quantity and mixture of a substance containing a detectable amount of cocaine; Counts Four and Seven – possession of a firearm in furtherance of a drug trafficking crime; Count Five – possession with intent to

---

[1] Although the Motion (ECF 729) was styled as a "Motion for early disclosure of Jencks Act materials," the motion goes beyond the Jencks Act, in that Defendant seeks disclosures of *Brady* and *Giglio* materials as well.  This Opinion addresses all early disclosures requested by Defendant.

distribute a quantity of a mixture and substance containing a detectable amount of cocaine;

Count Six – possession of a firearm and ammunition by a convicted felon. ECF 409.

The Court scheduled Defendant's trial to begin on January 20, 2026. Defendant's Motion for early disclosure of Jencks Act materials was filed on May 28, 2025, and the Court denied the Motion on June 11, 2025.  ECF 737.

On June 12, 2025, the parties filed a joint motion to modify certain pretrial deadlines (ECF 739), and on June 13, 2025, the Court modified certain pretrial deadlines by modifying its Third Amended Pretrial Order (in part) as follows: "Jencks disclosure – the government is encouraged to provide all Jencks Act materials prior to the pretrial conference, currently set for January 7, 2026." ECF 740.

## II. Standard of Review / Relevant law

Federal Rule of Criminal Procedure 16(a)(2) prohibits discovery of statements by the government's witnesses or prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 3500 (1982).

The Jencks Act provides that any statement or report made by a government witness or a prospective witness must be disclosed only <u>after</u> the witness has testified under direct examination in the trial of the case. 18 U.S.C. 3500(b) (emphasis added).

The government has no obligation to produce an outline of the evidence it will offer at trial, and a defendant is not entitled to conduct a wholesale review of the government's investigation. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of the government's witnesses through discovery. *See United States v.*

*DiPasquale*, 740 F.2d 1282, 1294 (3d Cir. 1984), <u>cert</u>. <u>denied</u>, 469 U.S. 1228, 105 S.Ct. 1226, 84

L.Ed.2d 364 (1985). Similarly, there is no authority to support a defendant's request for the

specifics of each government witness' proposed testimony. *See Fioravanti*, 412 F.2d at 410 (a

defendant has no right to discover the minutia of the government's evidence or the manner in

which it will be used).

The United States Court of Appeals for the Third Circuit has recognized that discovery in

criminal cases is limited to those areas delineated in Rule 16, "with some additional material

being discoverable in accordance with statutory pronouncements and the due process clause of

the Constitution." *United States v. Ramos*, 27 F.3d 65, 67–68 (3d Cir. 1994).

With respect to the witness testimony, the United States District Court for the Western

District of Pennsylvania noted:

> [T]he statements of co-conspirators, whether indicted or not, are not
> available to the defendant under Rule 16. 8 J. Moore, MOORE'S
> FEDERAL PRACTICE, 16.04[1], 16–64. Every circuit court to address
> the issue has held that such statements are not discoverable under Rule 16
> and that disclosure of such statements is governed by the Jencks Act,
> regardless of whether the co-conspirator will be called as a witness. *See*
> *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir.), *cert. denied*,
> 488 U.S. 840, 109 S.Ct. 108, 102 L.Ed.2d 83 (1988); *United States v.*
> *Roberts*, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*); *United States v.*
> *Diaz*, 834 F.2d 287 (2d Cir. 1987), <u>cert</u>. <u>denied</u>, 488 U.S. 818, 109 S.Ct.
> 57, 102 L.Ed.2d 35 (1988). These courts have reasoned that disclosure of
> such statements is governed by the Jencks Act because the government
> must present some witness who will testify to the unavailable co-
> conspirator's statements.

*United States v. Johnson*, 218 F. Supp. 3d 454, 458 (W.D. Pa. 2016).

### III. Discussion

Defendant's Motion raises several issues for the Court to consider. Each one will be

addressed below.

**A. Insufficient amount of time to review Jencks Act materials**

One of the primary concerns expressed throughout Defendant's Motion is that the thirteen co-defendants who were initially indicted with Defendant, along with the potential pool of unindicted co-conspirators and/or confidential informants, created a large amount of documentation, partially as a result of wiretap recordings and grand jury testimony. Defendant admits that there have already been twelve separate discovery disclosures in this case but is concerned because he has been informed that the total discovery is comprised of 463,443 bates-stamped pages, photos, videos, and audio recordings. (Defendant does not indicate how many bates-stamped pages, photos, video and audio recordings were shared during the twelve separate discovery disclosures.) Defendant also claims the Government identified approximately 600 documents, photos, video and audio recordings that it will use during Defendant's trial. ECF 729, p. 1-2.

The Government's Response notes that it has already produced investigative reports, surveillance notes, affidavits for the searches, seizures, and wiretaps as well as many substantive communications between law enforcement agents. ECF 735, p. 3. In fact the Government posits that it has produced "much but not all" of the Jencks Act materials, noting that it has withheld the grand jury transcripts and various communications. *Id*. The Government's Response takes the position that it made these aforementioned disclosures early, without being obliged by law to do so, but notes that 18 U.S.C. § 3500(b) precludes this Court from compelling the disclosure of any additional Jencks Act material prior to the completion of a Government witness' testimony on direct examination.

The Court concurs with the Government on this matter. *See United States v. Hill,* 976 F.2d 132, 139–140 (3d Cir. 1992) ("[T]he Court cannot compel disclosure of this material prior

to the completion of a Government witness' direct testimony); and *United States v. Cheatham*, 500 F. Supp. 2d 528, 535 (W.D. Pa. 2007) ("Prior to the conclusion of a witness' trial testimony, a defendant cannot compel disclosure of Jencks material unless its production is required in order to comply with Federal Rule of Criminal Procedure 26.2(g) which provides for pretrial production of Jencks material only for detention, preliminary, and suppression hearings.") Furthermore, the Court concurs that withholding certain documents – such as grand jury transcripts and/or co-conspirator statements – affords protection against witness intimidation and other threats to the trial process.[2]

Although the Court lacks the authority to require the early production of Jencks materials, the United States of Courts of Appeals for the Third Circuit has noted that "there is nothing in the Jencks Act which would prevent <u>voluntary</u> pre-trial disclosure of Jencks material by a

---

[2] Recently, in *United States v. Bell*, the United States District Court for the Middle District of Pennsylvania noted as follows:

> [M]any courts, including several Courts of Appeals as well as district courts within the Third Circuit, have declined to order such discovery, concluding that Rule 16 does not require it. *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) [*cert. denied,* 488 U.S. 867, 109 S.Ct. 108, 102 L.Ed.2d 83 (1988)] ("[W]e think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase 'statements by the defendant' does not include statements by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay."); *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987); *United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990); *United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987); *United States v. Coles*, 511 F. Supp. 3d 566, 579–80 (M.D. Pa. 2021); *United States v. Johnson*, 218 F. Supp. 3d 454, 458 (W.D. Pa. 2016); *United States v. Cheatham*, 500 F. Supp. 2d 528, 538–39 (W.D. Pa. 2007); *United States v. Giampa*, 904 F. Supp. 235, 285 (D. N.J. 1995), *affirmed without opinion*, 107 F.3d 9 (3d Cir. 1997).

*United States v. Bell,* No. 3:23-CR-26, 2024 WL 1892283, at *14 (M.D. Pa. Apr. 30, 2024).

government attorney. *United States v. Murphy*, 569 F.2d 771, 774, n.10 (3d Cir. 1978) (emphasis added). As noted by the United States District Court for the Western District of Pennsylvania, "the Third Circuit . . . has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial." *United States v. Beech*, 307 F.R.D. 437, 442, n.2 (W.D. Pa. 2015), *citing Murphy,* 569 F.2d at 773 and *United States v. Hill,* 976 F.2d 132, 140 (3d Cir. 1992). In *Beech*, the District Court went on to state, "[t]he government is encouraged to comply with the representation that it will disclose all Jencks material not falling within the scope of other aspects of this court's order five business days prior to trial."

In this case, the Court begins by noting that on June 12, 2025, <u>after</u> the Defendant filed the instant Motion (ECF 729) and the <u>after</u> the Government filed its Response (ECF 735), and after the Court issued its Order (ECF 737) denying the early disclosure of Jencks Act materials, the parties filed a <u>joint</u> motion to modify certain deadlines in the Court's Third Amended Pretrial Order. ECF 739.  Upon granting the joint motion this Court ordered:

> Jencks disclosure – the [G]overnment is encouraged to provide all Jencks Act materials prior to the pretrial conference, currently set for January 7, 2026.

 ECF 740.

The above language set forth in the Court's Order was presented to the Court by the Parties in their joint motion (ECF 739) and thus, the Government is likely to produce, the Jencks materials two weeks in advance of the trial of this matter – well before any Jencks materials are required by law to be produced. [3]

---

[3] Notably, the Government's Response to Defendant's instant Motion indicated that "much but all not all of the Jencks material" had already been produced (ECF 735, p. 3) and further noted that it would "endeavor to disclose the remaining Jencks material on or before January 7, [2026.]" *Id.*  Thus, the amount of Jencks material not yet shared with Defendant is less than the 463,443 pages of bates-stamped documents and the 600 exhibits set forth in his Motion and will likely be shared on or before January 7, two weeks prior to the start of Defendant's trial.

Moreover, even if this Court had some residual discretion to order the pretrial disclosure of the Government's evidence in this case, the current record falls short of demonstrating that the appropriate circumstances exist here and/or that there are sufficient grounds to justify such an extraordinary early disclosure. Defendant's Motion argues that the Government would not be prejudiced by disclosing Jencks Act material in the near term, while the Defendant will be significantly prejudiced without a near term disclosure.[4] Suggesting this Court apply a "balancing test" to determine which party is more prejudiced by the early production of Jencks Act materials does not demonstrate to this Court the exigent circumstances necessary for the Court to order an early disclosure. To the contrary, the Court concludes that Defendant, while not currently entitled to Jencks materials, has already received some Jencks materials; and this, coupled with the Government's clear indication of its willingness to turn over the remainder of the Jencks materials on or before the January 7, 2026 (the date the Parties agreed upon when they petitioned the Court for adjustments to certain pretrial deadlines), would tip the "scale" in favor of the Government so as to prevent any potential witness intimidation or other threats thereby protecting the integrity of the trial process . ECF 739, p.2.

### B. Early disclosure of *Brady/Giglio* materials

Defendant contends that he has a "compelling need" to review the grand jury transcripts "to determine whether his indictment was the product of false testimony/fabricated evidence," which could ultimately lead Defendant to file a motion to dismiss the indictment. ECF 729, p. 3.

---

[4] Specifically, Defendant posited that this Court should require the early disclosure of grand jury testimony because Defendant knows the identity of some of the grand jury witnesses and thus, the Government has a "diminished" interest in maintaining secrecy around the grand jury testimony. ECF 729, p. 4. Defendant also suggested he would accept such testimony with "targeted redactions and/or non-disclosure provisions" in order to obtain the transcripts. *Id.* The Government noted that Defendant's knowledge of who testified during the grand jury proceeding was purely speculative and the need to protect to the identity of those who testified before the grand jury remains great.

In addition, Defendant claims that he is "concerned" that the grand jury was presented with documentary and/or testimonial evidence of "exaggerated gross weights of seized drugs" giving rise an indictment which evolved from a "false impression regarding the extent of Defendant's activities." *Id.*

The Government has stated and demonstrated that it is aware of its *Brady* obligations and acknowledges that it must produce all *Brady* materials in accordance with this Court's Orders. Furthermore, the Government attests that no *Brady* materials exist within the grand jury materials Defendant seeks.

Exculpatory material – that which "go[es] to the heart of the defendant's guilt or innocence," *see United States v. Higgs*, 713 F.2d 39, 42 (1983) – must be disclosed on a rolling basis "without undue delay," *see Johnson*, 218 F. Supp. 3d at 459. Impeachment material – that which goes to "a witness's credibility or motivation to testify," *see Maury*, 695 F.3d at 249 – may be disclosed later but must still be turned over "in time for its effective use at trial," *see Higgs*, 713 F.2d at 44. Exactly when impeachment material must be disclosed "depends on what information has been requested and how that information will be used." *Id.* at 43-44. "For material that will primarily be used to challenge witness credibility on cross-examination, the government meets its obligation if disclosure is made the day that the government witnesses are scheduled to testify in court." *United States v. Coles*, 511 F. Supp. 3d 566, 576–77 (M.D. Pa. 2021) (internal quotation omitted).

The Court notes that the Third Amended Pretrial Order required Defendant's *Brady* and *Giglio* materials to be turned over to Defendant on or before June 25, 2025.  However, following the issuance of this Third Amended Pretrial Order, both Defendant and the Government filed a joint motion suggesting that these documents be turned over on or before November 3, 2025.

ECF 739. The Court granted this joint motion and adopted the parties requested *Brady/Giglio*

deadline. Thus, the new *Brady/Giglio* deadline is November 3, 2025.

In addition, the Court finds that Defendant has presented nothing concrete to demonstrate

why the indispensable secrecy of grand jury proceedings should be broken at this juncture.

Defendant appears to want to wade through the grand jury transcripts to help him determine if

his guesses and/or speculations can be substantiated. Defendant's mere conjecture fails to

demonstrate how his particularized need outweighs the longstanding policy that grand jury

transcripts are to be kept secret. In addition, he concedes that the reported drug weights "might

be correct" but only with respect to the gross weight and not the net weight. This is simply not

enough of a basis for the Court to require the Government to provide *Brady/Giglio* materials in

advance of the agreed-upon and court-ordered due date of November 3, 2025, especially in light

of the Government's attestation that it is aware and compliant with its *Brady/Giglio* obligations.

## IV. CONCLUSION

Based on the foregoing law, authority, and facts of this case, the Court denied

Defendant's Motion for early disclosure of all Jencks Act materials on June 11, 2025. ECF 737.

BY THE COURT,

s/ Arthur J. Schwab
Arthur J. Schwab
U.S. District Court Judge

cc:            All ECF Registered Counsel of Record